IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANA DILTS, ) | |
| ) | |
| Plaintiff, ) | Case No. CV04-508-C-EJL |
| ) | |
| vs. ) | MEMORANDUM ORDER |
| ) | |
| CORY BLAIR, individual and in his official ) | |
| capacity, et al., ) | |
| ) | |
| Defendants. ) | |

Pending before the Court in the above-entitled matter is Defendants' Motion for Summary Judgment (Docket No. 11). Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

**Standard of Review**

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The Supreme Court has made it clear that under Rule 56 summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the non-moving party's case and upon which the non-moving party will bear the burden of proof at trial. See, Celotex Corp v. Catrett, 477

U.S. 317, 322 (1986). If the non-moving party fails to make such a showing on any essential element, "there can be no `genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.[1]

Moreover, under Rule 56, it is clear that an issue, in order to preclude entry of summary judgment, must be both "material" and "genuine." An issue is "material" if it affects the outcome of the litigation. An issue, before it may be considered "genuine," must be established by "sufficient evidence supporting the claimed factual dispute . . . to require a jury or judge to resolve the parties' differing versions of the truth at trial." Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975) (quoting First Nat'l Bank v. Cities Serv. Co. Inc., 391 U.S. 253, 289 (1968)). The Ninth Circuit cases are in accord. See, e.g., British Motor Car Distrib. v. San Francisco Automotive Indus. Welfare Fund, 882 F.2d 371 (9th Cir. 1989).

According to the Ninth Circuit, in order to withstand a motion for summary judgment, a party

> (1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

Id. at 374 (citation omitted).

Of course, when applying the above standard, the court must view all of the evidence in a light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Hughes v. United States, 953 F.2d 531, 541 (9th Cir. 1992).

---

[1] See also, Rule 56(e) which provides, in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

**Factual Background**

On or about April 15, 2004, the Plaintiff Dana Dilts ("Dilts") alleges she was battered by Defendant Cory Blair ("Blair') and that her Constitutional rights were violated by Blair, Defendant City of Lewiston, and Defendant Lewiston Police Department.  Defendants deny the allegations.

The undisputed facts establish that Blair, a police officer with the Lewiston Police Department and live-in boyfriend of Dilts, radioed to dispatch and went off duty in order to go to his place of residence and check on the status of his two children who were at the time in the care of his girlfriend, Dilts.  He was checking on the status of his children due to personal phone calls he had received from his ex-wife indicating she could not reach her children by telephone and when she went to the residence of Dilts and Blair, no one answered.

Dilts had picked up the children from daycare after stopping to have a beer after work. Dilts said she was away from the home with the children when they took the dog for a walk and that she did not hear the phone ring when Blair's ex-wife alleged she called.  Dilts admits she had a glass of wine with dinner with the children after returning from taking the dog for a walk.

Blair approached his residence, dressed in his police uniform, but with his radio off, to check on his children.  Blair was upset when he arrived at the residence to check on his kids.  Dilts claims Blair kicked the dog and then started yelling at her regarding the children and the fact his ex-wife could not reach the children or Dilts.  Dilts went for the phone to call child protection services and alleges Blair grabbed her and put her in a choke hold and led her down the hall and only released her after she told him a number of times that she could not breathe.  Blair maintains he did not intend to harm Dilts and was trying to grab the phone away from her.  After releasing Dilts, Blair called the police as well as his ex-wife to come pick up the children. While Dilts admits consuming some alcohol that evening, it is disputed as to whether she was intoxicated at the time of the dispute with Blair.

Dilts claims Blair has physically abused her on at least two other occasions and that the Lewiston Police Department was aware of the alleged abuse in 2003 as the department investigated the claim against Blair when he was working for the Nez Perce County Sheriff's office. Dilts claims the Lewiston Police Department has an unwritten policy condoning the alleged physical abuse by Blair.

## 42 U.S.C. § 1983 Claims

### 1. Claim Against Defendant Blair

The purpose of 42 U.S.C. § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to harmed parties. See Wyatt v. Cole, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must allege facts which show a deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law. Id. Acting under color of state law is "a jurisdictional requisite for a § 1983 action." West v. Atkins, 487 U.S. 42, 46 (1988). Therefore, the first question to be answered in this particular case, is was Defendant Blair acting under color of state law?

"The under color of law determination rarely depends on a single, easily identifiable fact, such as the officer's attire, the location of the act, or whether or not the officer acts in accordance with his or her duty." David v. City and County of Denver, 101 F.3d 1344, 1353 (10th Cir. 1996). Instead, the Court must examine "the nature and circumstances of the officer's conduct and the relationship of that conduct to the performance of his official duties." Id. Simply put, a police officer is not acting under color of law 24 hours a day, 7 days a week, on or off duty, in or out of uniform. If a police officer is acting as a private citizen, any alleged harm from the police officer's actions is not recoverable under § 1983 as the officer was not acting under color of law.

> Individuals do, indeed, have a right to be free from state violations of the constitutional guarantees to be secure in one's person and home, not to be deprived of life, liberty, or property without due process, and to be free from cruel and unusual punishment. Individuals, however, do not have the right to be free from the infliction of such harm by private actors.

Van Ort v. Estate of Stanewich, 92 F.3d 831,835 (9th Cir. 1996)   "If a government officer does not act within his scope of employment or under color of state law, then that government officer acts as a private citizen."   Id. (citing Martinez v. Colon, 54 F.3d 980, 986 (1st Cir 1995).   The converse is also true, if a police officer is performing his official duties, on or off duty, he s acting under color of law.

In the present case, merely because Defendant Blair was a police officer does not mean he acted under color of state law.  Gibson v. City of Chicago, 910 F.2d 1510, 1516 (7th Cir. 1990). "[A]cts committed by a police officer even while on duty and in uniform are not under color of state law unless they are in some way related to the performance of police duties."  Id.   In citing the Gibson case, the Ninth Circuit court in Van Ort, adopted as its own test for liability whether the actions complained of were in some way related to the performance of the officers official duties in order for such actions to be held to be under color of state law.  Van Ort at 838.

Plaintiff maintains Defendant Blair was acting under color of state law when he entered her residence and allegedly battered her.  The relevant facts Plaintiff fails to mention in this statement is that the residence was also Defendant Blair's residence and he was not at the residence to perform his official duties.  Defendant Blair was not responding to a domestic dispute, burglary or other on-going crime when he arrived at the residence.  Nor was Defendant Blair at the residence in response to a complaint made with the Lewiston Police Department.  Rather, the facts are undisputed that Defendant Blair was responding to a personal call from his ex-wife regarding the status of his children at his residence and the Lewiston Police Department only knew the officer had radioed in and informed the police dispatcher he was going "off duty" for a period of time.

The Court finds Blair's alleged conduct at the residence was in no way related to the performance of his duties as a police officer.  Taking the facts in a light most favorable to Dilts, she clearly was involved in a domestic dispute with Blair that resulted in a physical altercation.  However, this domestic dispute by an off-duty police officer at his home while there to check on his children is not related to the performance of his official duties as a

Lewiston police officer and Blair was not acting at the direction of his supervisor or employer when he arrived at the residence. "Action taken by a private individual may be 'under color of state law' where there is 'significant' state involvement in the action." Howerton v. Gabic, 702 F.2d 380, 382 (9th Cir. 1983). In this case there is no significant state involvement until the police had been called to the scene by Blair. Therefore, Blair was not acting under color of state law at the time the alleged constitutional violations occurred.

      Plaintiff also argues she believed Blair was "on duty" when he arrived as he usually takes his break at a different time. This belief by Plaintiff does not convert private actions into state actions. First, "[m]erely because a police officer is recognized as an individual employed as a police officer does not alone transform private acts into acts under color of state law." Van Ort at 838. Second, while Dilts did not know Blair was off-duty, the dispatch records and related affidavits clearly establish Blair had gone off-duty. The Court must consider all of the circumstances, not just the state of mind of Plaintiff in determining whether Blair was acting under color of law. Third, even if Blair was on-duty, any private actions would not be automatically converted into acts under the color of law. The actions still need to be in some way "related to the performance of police duties." See Gibson, 910 F.2d 1510, 1516 (7th cir. 1990) (quoted in Van Ort and in Gritchen v. Collier, 254 F3d 807, 813, n. 6 (9th cir. 2001)). As discussed earlier, Plaintiff has failed to do more than speculate that Blair's residence was in any way related to the performance of his official duties with the Lewiston Police Department.

      This case is somewhat similar to Pitchell v. Callon, 13 F.3d 545, 548 (2nd Cir. 1994) wherein a uniformed, off-duty officer acted as a private citizen when he was drinking at his residence and discharged a gun loaded with police issued bullets. The court found the off-duty officer was not acting under color of law and focused on the fact the off-duty officer was not acting in accordance with police regulations and did not invoke the authority of the police department for which he worked. In the present case, Dilts does not argue or testify in her deposition that Blair invoked the authority of the police department while he was at

home. While it is true he eventually called the police department to respond to the domestic dispute, Plaintiff never alleges that Blair stated he was invoking his authority as a police officer when she was allegedly being yelled at and put in a choke hold by Blair.

Next, Plaintiff claims that Blair used his police radio to call the police for assistance and was therefore acting under color of law. Again, this argument is not persuasive. While this fact is undisputed, the call for assistance takes place after the alleged violations of Plaintiff's constitutional rights and does not establish that Blair (who the dispatch records show was off-duty) was acting within the scope of his employment when he stopped at his residence to check on his children. "If a government officer does not act within his scope of employment or under color of state law, then that government officer acts as a private citizen." Van Ort, 92 F.3d at 835. Use of the radio after the domestic dispute does not change the nature of the circumstances prior to Blair's request for assistance when Blair was clearly acting as a private citizen and pursuing private interests.

Acting under color of law is a threshold question that must be resolved prior to reaching the merits of whether Plaintiff's civil rights were violated. Taking the facts in a light most favorable to Plaintiff, the Court finds there is no genuine issue of material fact and as a matter of law Defendant Blair was not acting under color of law when he went to his residence in response to calls from his ex-wife. Officer Blair's actions at the residence were purely private pursuits and not related to the performance of his official duties with the Lewiston Police Department. Accordingly, the § 1983 claim against Defendant Blair must be dismissed.

**2. Claims Against Lewiston Police Department and City of Lewiston**

Because the § 1983 civil rights claim against employee Blair does not survive summary judgment, there can be no civil rights claim against the municipal defendants in Count 3. There is no affirmative government act that created a government duty to protect Plaintiff from harm by a private actor. See Van Ort, at 836. Accordingly, neither the City of Lewiston, nor the Lewiston Police Department can be held liable for any alleged

constitutional violations by Defendant Blair when he acted as a private citizen. The claims against Defendants City of Lewiston and Lewiston Police Department must be dismissed and the Court need not address the other arguments for dismissal raised by Defendants.

### Jurisdiction Over Count 1

The Court's dismissal of the § 1983 actions eliminates federal court jurisdiction over the battery claim against Defendant Blair in Count 1. The remaining claim is one of state law, not federal law, so there is no federal question. 28 U.S.C. § 1331. Moreover, there is no diversity between Plaintiff and the remaining Defendant Blair as both are citizens of Idaho. 28 U.S.C. § 1332. Nor does it appear from the record that Plaintiff has alleged an amount in controversy to meet the federal jurisdictional requirements. Id.

The Court's jurisdiction over Plaintiffs' state law claims is supplemental in nature. See 28 U.S.C. § 1367(a). Now that Plaintiffs' federal claims are to be dismissed, the Court must consider whether it is appropriate to retain supplemental jurisdiction over the state law claims. See 28 U.S.C. § 1376(c)(3). "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Acri v. Varian Assoc., Inc., 114 F.3d 999, 1001 (9th Cir.1997) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988)).

Accordingly, because the Court has dismissed all claims over which it has original jurisdiction and the parties have not satisfied jurisdiction pursuant to 28 U.S.C. § 1332, the Court declines to exercise jurisdiction over Plaintiff's supplemental state law claim and will remand the remaining battery claim against Defendant Blair back to state court.

### Order

Based on the foregoing, and the Court being fully advised in the premises, it is **HEREBY ORDERED** that Defendants' Motion to Summary Judgment (Docket No. 11) is **GRANTED** as to the Plaintiff's federal based claims and that Counts 2 and 3 of Plaintiffs' Complaint are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Plaintiff's state law claim and the above-entitled action are **REMANDED** to the district court of the Second Judicial District of the State of Idaho, In and For the County of Nez Perce, No. CV-04-02131, and the Clerk shall mail a certified copy of this Order to the Clerk of the aforesaid Idaho state court. The state court shall resolve the remaining pending motion for summary judgment as to Count 1.

DATED: **October 19, 2005**

Honorable Edward J. Lodge
U. S. District Judge